IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMONS GASKET COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-14-0247 |
| | § | |
| FLEXITALLIC L.P., | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss Pursuant to the Texas Citizens Participation Act ("Motion to Dismiss") [Doc. # 12] filed by Defendant Flexitallic L.P. ("Flexitallic"), to which Plaintiff Lamons Gasket Company ("Lamons") filed a Response [Doc. # 14], and Flexitallic filed a Reply [Doc. # 15]. Having reviewed the full record and governing legal authorities, the Court **denies** the Motion to Dismiss.

## **I.    BACKGROUND**

Plaintiff and Defendant both manufacture and sell spiral wound gaskets and other products used in the oil and gas industry to join and secure pipes. The American Society of Mechanical Engineers ("ASME") has issued industry standards for spiral wound gaskets, known as ASME B16.20.

Plaintiff alleges that beginning in January 2014, Defendant circulated a document ("Document") to companies throughout the United States, including Plaintiff's actual and potential customers. The Document stated that Plaintiff's spiral wound gaskets do not comply with ASME B16.20. *See* Document, Exhibit A-1 to Defendant's Reply. Plaintiff alleges that the statement by Defendant is false and misleading because Plaintiff's spiral wound gaskets comply fully with the ASME standard. Plaintiff alleges further that Defendant knowingly and intentionally made the false statements in order to "obtain an unfair competitive advantage over Lamons [and] to misappropriate Lamons' current and potential customers." *See* Complaint [Doc. # 1], ¶ 22. In the Document, Flexitallic states that the use of gaskets that are not in compliance with ASME B16.20 could expose the customer to "third-party liability in the event of a failure," and specifically invites recipients to contact it for assistance. *See* Document.

Plaintiff filed this lawsuit, asserting a federal claim under § 43(a) of the Lanham Act and a Texas common law claim for business disparagement. Defendant moved to dismiss, arguing that Plaintiff's claims are barred by the Texas Citizens Participation Act ("TCPA"). Although Defendant moved to dismiss both claims, Flexitallic now concedes that the TCPA does not apply to the Lanham Act claim. *See*

Reply [Doc. # 15], p. 1 n.1.  The Motion to Dismiss has been fully briefed and is ripe for decision.

## II. ANALYSIS

### A. The TCPA[1]

The TCPA is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury."  *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, __ F.3d __, 2014 WL 941049, *2 (5th Cir. Mar. 11, 2014) (quoting TEX. CIV. PRAC. & REM. CODE § 27.002).  To achieve this goal, the TCPA allows a defendant to seek dismissal of certain claims in a lawsuit at an early stage.  *See id.* (citing § 27.003).  "If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right

---

[1] Rule 12(d) of the Federal Rules of Civil Procedure provides that if a motion to dismiss relies on matters outside the pleadings, the motions "must be treated as one for summary judgment under Rule 56."  *See* FED. R. CIV. P. 12(d).  The TCPA, on the contrary, requires a court to dismiss a lawsuit if the moving party demonstrates by a preponderance of the evidence that the claims are based on the movant's exercise of its right of free speech.  *See* TEX. CIV. PRAC. & REM. CODE § 27.005.  Plaintiff has not argued that the TCPA does not apply to cases in federal court because it is a state procedural rule that conflicts with Rules 8, 12(b)(6), and 12(d) of the Federal Rules of Civil Procedure, and with Rule 4 of the Federal Rules of Appellate Procedure.  Consequently, for purposes of its ruling on Defendant's Motion to Dismiss, the Court assumes that the TCPA applies to Texas law claims pending in federal court.  *See NCDR*, 2014 WL 941049 at *8.

of association, that party may file a motion to dismiss the legal action." *Id.* (citing § 27.003(a)). As noted above, the parties agree that the TCPA does not apply to Plaintiff's federal claim under the Lanham Act.

### B. The "Commercial Speech" Exemption

The "commercial speech" exemption provides that the TCPA does not apply "to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of . . . a commercial transaction in which the intended audience is an actual or potential buyer or customer." *Id.* at *9 (quoting § 27.010(b)). The Fifth Circuit has concluded that the Texas Supreme Court would apply a four-part analysis to determine whether the "commercial speech" exemption applies. *See id.* at *9-10. The four factors are:

> (1) the cause of action is against a person primarily engaged in the business of selling or leasing goods or services;
>
> (2) the cause of action arises from a statement or conduct by that person consisting of representations of fact about that person's or a business competitor's business operations, goods, or services;
>
> (3) the statement or conduct was made either for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services or in the course of delivering the person's goods or services; and
>
> (4) the intended audience for the statement or conduct [is an actual or potential buyer or customer].

*Id.* at *10 (quoting *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 2013 WL 5761051, *1 (Tex. App. – Houston [1st Dist.] Oct. 24, 2013, no pet.) (alteration in original). The burden of proving that the commercial speech exemption applies is on the party asserting it. *Id.*

It is undisputed that Defendant is primarily engaged in the business of selling goods, namely spiral wound gaskets. It is further undisputed that Plaintiff's claims arise from Defendant's statements in the Document comparing Plaintiff's and Defendant's products. Defendant does not challenge that its statements in the Document were directed to actual or potential customers. Rather, Defendant argues that Plaintiff cannot prove that the statements were made for the purpose of securing sales of spiral wound gaskets and, therefore, that Plaintiff has not established the third element of the "commercial speech exemption" test.

Kris Kolb, Plaintiff's Vice President of Sales and Marketing US, has stated under oath that the Document Defendant sent to some of Plaintiff's customers "concludes with a reference to its own product's compliance with the ASME standard [and] invites customers to contact Flexitallic." *See* Kolb Declaration, Exh. to Plaintiff's Response, ¶ 15. Kolb states also that Defendant's "false statements were made in a commercial context, directed to Flexitallic's and Lamons' customers and to Flexitallic's distributors, for the purpose of promoting sales of Flexitallic's

competing gaskets." *Id.*, ¶ 17. The Document itself, attached as Exhibit A-1 to Defendant's Reply, supports Kolb's sworn statements in the Declaration. In the Document, Defendant favorably compares its own product to Plaintiff's, and invites the recipient to contact Defendant.

In support of its Motion to Dismiss, Defendant has presented the Affidavit of Ebadollah Jamalyaria, its Engineering Manager. Jamalyaria states that he prepared the Document to respond to safety concerns expressed by certain customers. He does not provide any evidence, however, regarding Defendant's motivation for sending the Document to customers nationwide.

The parties have submitted conflicting evidence regarding Defendant's motivation for sending the Document to Plaintiff's actual and potential customers. Proof of Defendant's intent to solicit sales of its gaskets through the Document sent to Plaintiff's customers must necessarily, at this early stage of the proceeding, be circumstantial. Having reviewed the record, including the language in the Document itself, the Court concludes that the evidence satisfies Plaintiff's burden under the TCPA to demonstrate that the statements were made for the purpose of obtaining sales of Defendant's gaskets. To the extent the TCPA applies at all to cases pending in federal court, the Court finds that Plaintiff's evidence is sufficient to satisfy its burden

under the TCPA to demonstrate that the commercial speech exemption applies to its business disparagement claim.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Lamons has demonstrated that, if the TCPA applies to state law claims in federal court, the "commercial speech" exemption applies to Plaintiff's business disparagement claim.  The parties agree that the TCPA does not apply to Plaintiff's Lanham Act claim.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 12] is **DENIED**.

SIGNED at Houston, Texas, this 26th day of **March, 2014**.

_____
Nancy F. Atlas
United States District Judge